**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CURTIS OWENS, | No. 07-16013 |
| Petitioner - Appellant, | D.C. No. CV-03-05327-LJO |
| v. | |
| KELLY VAN CLEAVE HARRINGTON, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Submitted February 15, 2011[**]

Before:    CANBY, FERNANDEZ, and M. SMITH, Circuit Judges.

California state prisoner Curtis Owens appeals from the district court's order

denying his 28 U.S.C. § 2254 habeas petition. We have jurisdiction pursuant to 28

U.S.C. § 2253, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Owens contends that there was insufficient evidence to support his conviction for burglary. Under *Jackson v. Virginia*, 443 U.S. 307, 326 (1979), a court "must presume — even if it does not affirmatively appear in the record — that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution." Construing the evidence here in the prosecution's favor, a reasonable jury could have concluded that Owens used the screwdriver to break into the Honda, entered the locked vehicle, and did so with the specific intent to take someone else's property permanently. Owens has failed to explain how obtaining the physical evidence such as the screwdriver, glass, or photographs would exonerate him. The state court's rejection of this claim was neither contrary to, nor involved an unreasonable application of, clearly established federal law. *See* 28 U.S.C. § 2254(d)(1); *see also Jackson*, 443 U.S. at 324.

Owens contends for the first time on appeal that there was insufficient evidence to support his convictions for attempted burglary and possession of burglary tools. This contention was not raised in the district court and we decline to consider it for the first time on appeal. *See Rhoades v. Henry*, 598 F.3d 495, 501 & n.7 (9th Cir. 2010).

Owens also contends that the district court erred by not holding an evidentiary hearing regarding allegedly destroyed evidence. The district court did

not abuse its discretion by denying the request for a hearing.  *See Karis v.*

*Calderon*, 283 F.3d 1117, 1126-27 (9th Cir. 2002).

The request for a remand is denied.

**AFFIRMED.**